IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANGELO LAQUEZ BROWN, <br> AIS 261595, <br><br> Plaintiff, <br><br> v. <br><br> PFIZER PHARMACEUTICAL, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:24-cv-48-ECM-SMD <br> )       (WO) <br> ) <br> ) <br> ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

In an order entered on February 1, 2024, the court advised Plaintiff, an Alabama inmate at the Kilby Correctional Facility in Mt. Meigs when he launched this civil action, that he "must immediately inform the Court and Defendants (or Defendants' counsel) of any change in his address; i.e., Plaintiff must file a notice of any change of address when he is transferred to a new correctional facility or released from confinement." Doc. 3 at 2. That order cautioned Plaintiff that his "[f]ailure to provide a correct address to this Court within 10 days following any change of address will result in dismissal of this action." *Id.*

On February 29, 2024, Plaintiff, submitted a notice of his potential future address, an apparent free-world address in Florida. Doc. 5 at 1. For various administrative reasons, it is inappropriate to change a party's address on the record to reflect a potential future address. When a plaintiff in a civil action is transferred to a new correctional institution or released from confinement, he must file a notice of change of address <u>when his address actually changes</u>. These same directives are in the court's order of February 1, 2024. *See*

Doc. 3 at 2. Consequently, on March 1, 2024, the court entered an order, which was mailed to Plaintiff at the Kilby Correctional Facility, reminding Plaintiff of the directives in the court's order of February 1, 2024, and advising him that it is inappropriate to change his address on the record to reflect a potential future address. Doc. 6 at 1. The order of March 1, 2024, instructed Plaintiff that he must apprise the court of a change of his address upon his transfer or release from state prison. *Id.*

Plaintiff did not respond to the court's order of March 1, 2024, and to date he has not filed a notice of his current address, rather than a notice of a potential change in his address. The time allotted Plaintiff for filing a notice of a change of his address in compliance with the directives of the court's order of February 1, 2024, has long since lapsed. The court therefore concludes that this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

The court finds that sanctions lesser than dismissal would not suffice here. S*ee Mingo*, 864 F.2d at 102. Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is also ORDERED that **by October 1, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the court. This Recommendation is not a final order, and it is therefore not appealable. Failure to file written objections to the proposed findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3–1.

DONE this 17th day of September, 2024.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE